Metropolitan Life Insurance Company v. Billini, et. al.                                                  Doc. 15

Case 2:06-cv-02918-WBS-KJM     Document 15     Filed 02/06/2007     Page 1 of 5

```
 1
 2
 3
 4
 5
 6                       UNITED STATES DISTRICT COURT
 7                      EASTERN DISTRICT OF CALIFORNIA
 8                              ----oo0oo----
 9  METROPOLITAN LIFE INSURANCE
    COMPANY,
10
         Plaintiff-in-Interpleader,
11
         v.                                NO. CIV. S-06-02918 WBS KJM
12
13  RACHEL BILLINI; MONIQUE DIAZ;
    NICOLE DIAZ; PABLO DIAZ;
14  REGINA DIAZ; TIARA DIAZ; and
    DOES 1 through 10, inclusive,
15
16       Claimants-in-Interpleader
17
                                 ----oo0oo----
18
19                  STATUS (PRETRIAL SCHEDULING) ORDER
20           After reviewing the parties' Joint Status Report, the
21  court hereby vacates the Status (Pretrial Scheduling) Conference
22  scheduled for February 12, 2007, and makes the following findings
23  and orders without needing to consult with the parties any
24  further.
25           I.   SERVICE OF PROCESS
26           All named defendants have been served, with the
27  exception of claimant Rachel Billini.  To date plaintiff has not
28  been able to locate this claimant's whereabouts but will
```

continue attempts to locate her.  Within 60 days from the date of this order, plaintiff shall either (1) effect service upon Rachel Billini, (2) dismiss the action as against her only, (3) dismiss the entire action without prejudice, or (4) file a statement as to why this court has jurisdiction to resolve this interpleader action without Rachel Billini before the court.  As to the served claimants, responsive pleadings are due February 27, 2007.  Other than as stated above, no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

## II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III.  JURISDICTION/VENUE

Jurisdiction is predicated upon 29 U.S.C. § 1001 et seq. (the Employee Retirement Income Security Act).  Venue is undisputed and is hereby found to be proper.

## IV.  DISCOVERY

The plaintiff states that initial disclosures required by Fed. R. Civ. P. 26 (a)(1) will be served no later than February 20, 2007.

Defendants state that they may wish to conduct discovery regarding MetLife's handling of their claim under the subject policy.  Defendants also indicate that they may seek discovery from defendant Billini as to her claim for life insurance benefits under said policy.  If any party seeks

discovery, as to which any other party believes they are not entitled to conduct, appropriate relief may be sought from the assigned Magistrate Judge.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by August 31, 2007. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than August 31, 2007.

V.  MOTION HEARING SCHEDULE

Plaintiff MetLife anticipates filing a motion for discharge and dismissal with prejudice pursuant to 28 U.S.C. § 2361, to be filed within 60 days of the date this order is filed. All other motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be filed on or before October 26, 2007. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for January 14, 2008 at 1:30 p.m. in Courtroom No. 5. The conference shall be

attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto. If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII.  TRIAL SETTING

The court trial is set for March 25, 2008 at 9:00 a.m. in Courtroom No. 5.

VIII.  SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.

All parties should be prepared to advise the court

1  whether they will stipulate to the trial judge acting as
2  settlement judge and waive disqualification by virtue thereof.
3              Counsel are instructed to have a principal with full
4  settlement authority present at the Settlement Conference or to
5  be fully authorized to settle the matter on any terms.  At least
6  seven calendar days before the Settlement Conference counsel for
7  each party shall submit a confidential Settlement Conference
8  Statement for review by the settlement judge.  If the settlement
9  judge is not the trial judge, the Settlement Conference
10 Statements shall not be filed and will not otherwise be disclosed
11 to the trial judge.
12             IX.  MODIFICATIONS TO SCHEDULING ORDER
13             Any requests to modify the dates or terms of this
14 Scheduling Order, except requests to change the dates of the
15 final Pretrial Conference or trial, may be heard and decided by
16 the assigned Magistrate Judge.  All requests to change the dates
17 of the Pretrial Conference and/or trial shall be heard and
18 decided only by the undersigned judge.
19 DATED:  February 6, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE