UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

METROPOLITAN LIFE INSURANCE COMPANY,

    Plaintiff-in-Interpleader,

    v.                                        NO. CIV. S-06-02918 WBS KJM

RACHEL BILLINI; MONIQUE DIAZ; NICOLE DIAZ; PABLO DIAZ; REGINA DIAZ; TIARA DIAZ; and DOES 1 through 10, inclusive,

    Claimants-in-Interpleader

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

    After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for February 12, 2007, and makes the following findings and orders without needing to consult with the parties any further.

    I.    SERVICE OF PROCESS

    All named defendants have been served, with the exception of claimant Rachel Billini. To date plaintiff has not been able to locate this claimant's whereabouts but will

1 continue attempts to locate her.  Within 60 days from the date of
2 this order, plaintiff shall either (1) effect service upon Rachel
3 Billini, (2) dismiss the action as against her only, (3) dismiss
4 the entire action without prejudice, or (4) file a statement as
5 to why this court has jurisdiction to resolve this interpleader
6 action without Rachel Billini before the court.  As to the served
7 claimants, responsive pleadings are due February 27, 2007.  Other
8 than as stated above, no further service is permitted without
9 leave of court, good cause having been shown under Fed. R. Civ.
10 P. 16(b).
11         II.  JOINDER OF PARTIES/AMENDMENTS
12             No further joinder of parties or amendments to
13 pleadings is permitted except with leave of court, good cause
14 having been shown under Fed. R. Civ. P. 16(b).  See Johnson v.
15 Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).
16         III.  JURISDICTION/VENUE
17             Jurisdiction is predicated upon 29 U.S.C. § 1001 et
18 seq. (the Employee Retirement Income Security Act).  Venue is
19 undisputed and is hereby found to be proper.
20         IV.  DISCOVERY
21             The plaintiff states that initial disclosures required
22 by Fed. R. Civ. P. 26 (a)(1) will be served no later than
23 February 20, 2007.
24             Defendants state that they may wish to conduct
25 discovery regarding MetLife's handling of their claim under the
26 subject policy.  Defendants also indicate that they may seek
27 discovery from defendant Billini as to her claim for life
28 insurance benefits under said policy.  If any party seeks

2

discovery, as to which any other party believes they are not entitled to conduct, appropriate relief may be sought from the assigned Magistrate Judge.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by August 31, 2007.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than August 31, 2007.

V.   MOTION HEARING SCHEDULE

Plaintiff MetLife anticipates filing a motion for discharge and dismissal with prejudice pursuant to 28 U.S.C. § 2361, to be filed within 60 days of the date this order is filed. All other motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be filed on or before October 26, 2007. All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for January 14, 2008 at 1:30 p.m. in Courtroom No. 5.  The conference shall be

1  attended by at least one of the attorneys who will conduct the
2  trial for each of the parties and by any unrepresented parties.
3         Counsel for all parties are to be fully prepared for
4  trial at the time of the Pretrial Conference, with no matters
5  remaining to be accomplished except production of witnesses for
6  oral testimony.  Counsel shall file separate pretrial statements,
7  and are referred to Local Rules 16-281 and 16-282 relating to the
8  contents of and time for filing those statements.  In addition to
9  those subjects listed in Local Rule 16-281(b), the parties are to
10 provide the court with: (1) a plain, concise statement which
11 identifies every non-discovery motion which has been made to the
12 court, and its resolution; (2) a list of the remaining claims as
13 against each defendant; and (3) the estimated number of trial
14 days.
15        In providing the plain, concise statements of
16 undisputed facts and disputed factual issues contemplated by
17 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
18 claims that remain at issue, and any remaining affirmatively pled
19 defenses thereto.  If the case is to be tried to a jury, the
20 parties shall also prepare a succinct statement of the case,
21 which is appropriate for the court to read to the jury.
22        VII.  TRIAL SETTING
23        The court trial is set for March 25, 2008  at 9:00
24 a.m. in Courtroom No. 5.
25        VIII.  SETTLEMENT CONFERENCE
26        A Settlement Conference will be set at the time of the
27 Pretrial Conference.
28        All parties should be prepared to advise the court

4

whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

### IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the dates of the Pretrial Conference and/or trial shall be heard and decided only by the undersigned judge.

DATED: February 6, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE