UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| | NO. CIV. S-06-02918 WBS KJM |
| Plaintiff-in-Interpleader, | |
| v. | ORDER RE: PLAINTIFF'S MOTION FOR DISMISSAL OF PLAINTIFF-IN-INTERPLEADER; DISCHARGE; INJUNCTION; AND ATTORNEYS' FEES AND COSTS |
| RACHEL BILLINI; MONIQUE DIAZ; NICOLE DIAZ; PABLO DIAZ; REGINA DIAZ; TIARA DIAZ; and DOES 1 through 10, inclusive, | |
| Defendants-in-Interpleader. | |

----oo0oo----

This is an interpeader action involving a dispute over the proceeds of a life insurance policy administered by plaintiff-in-interpleader Metropolitan Life Insurance Company ("MetLife"). MetLife filed this interpleader action after receiving competing claims on the policy from claimants-in-interpleader ("claimants"). Now, MetLife requests this court to 1) dismiss MetLife, with prejudice, from the action; 2) discharge

1

MetLife, SBC Communications Inc. ("SBC"), and SBC Benefit Program ("Plan") from further liability to the claimants; 3) enjoin claimants from asserting claims related to the Plan; and 4) award MetLife its attorneys' fees and costs.

I.   Factual & Procedural Background

In 1984, decedent enrolled in the Plan, which was a group life insurance policy through his former employer, SBC, that MetLife issued and administered. (Compl. 2:15-16, 21-22.) On August 30, 1994, decedent named his wife, Susan Diaz, as his primary plan beneficiary and designated five children, Pablo Diaz, Monique Diaz, Tiara Diaz, Nicole Diaz, and Regina Diaz ("decedent's children"), as contingent beneficiaries. (Id. Ex. A.)  Subsequently, decedent and his wife divorced, which automatically revoked the designation in favor of his wife. (Id. at 3:3-5, Ex. B.)  On March 17, 2005, decedent executed a second form and designated Rachel Billini, who has claimed to be decedent's niece, as the sole beneficiary of his plan benefits. (Id. Ex. C.)  On April 30, 2005, decedent executed a third form, naming his children as the sole beneficiaries of his plan benefits. (Id. Ex. D.)

Decedent passed away on May 3, 2005.  The SBC Rules for Employee Beneficiary Designations provide that a beneficiary designation is effective only if the employee is "alive as of the time and date of the receipt of the beneficiary designation." (Id. at 3:26-27, Ex. B.)  MetLife claims it received the April 30, 2005 designation form on May 4, 2005, but decedent's children claim the form was sent to MetLife via over-night delivery on May 2, 2005.  (Id. at 3:23-24; Answer ¶ 13.)

2

1          MetLife recognizes that decedent's death benefit of
2  $46,000, plus interest, is payable under the Plan.  (Compl. 5:7-
3  8.)  On June 24, 2005, it received a claim form from Billini,
4  alleging that she was decedent's niece.  (Id. Ex. E.)  Then, on
5  July 11, 2005, it received claim forms from decedent's children.
6  (Id. Ex. F.)  In letters to MetLife, decedent's children also
7  stated that they would seek legal recourse if MetLife paid the
8  benefits to Billini.  (Id. Exs. G, H.)
9          MetLife did not pay the benefits to Billini or
10 decedent's children because it was uncertain who was entitled to
11 them.  (Id. at 5:25-26.)  The April 30, 2005 designation to
12 decedent's children could be invalid if it was received after May
13 3, 2005.  The May 17, 2005 designation to Billini could also be
14 invalid because, in their letters to MetLife, decedent's children
15 stated that Billini exerted undue influence to persuade decedent
16 to designate Billini as the primary beneficiary and that Billini
17 falsely claimed she was decedent's niece.  (Id. at 5:1-5.)  If
18 the May 17, 2005 and April 30, 2005 designations are both
19 invalid, MetLife contends that the August 30, 1994 designation
20 would be controlling.  (Id. at 5:15-16.)  Under that designation,
21 decedent's children would be entitled to the benefits.
22         To avoid double liability, MetLife brought this
23 interpleader action on December 26, 2006.  Decedent's children
24 have been served and have filed an answer; however, Billini, who
25 was personally served on April 9, 2007, has not filed an answer.
26 In February, MetLife deposited the policy benefits with this
27 court and now seeks to be dismissed from the action and
28 discharged from liability.  MetLife also requests this court

3

enjoin claimants from pursuing additional claims against the policy and award MetLife its attorneys' fees and costs. Neither decedent's children nor Billini filed a responsive pleading to or opposed MetLife's motion.

II. Discussion

When a stakeholder of a sum of money is subject to competing claims, an interpleader action allows the stakeholder to sue the various claimants, forcing the claimants to litigate who is entitled to the money. Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1265 (9th Cir. 1992). Procedurally, an interpleader action encompasses two stages. "First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability. The second stage involves an adjudication of the adverse claims of the defendant claimants." First Interstate Bank of Or. v. U.S., 891 F. Supp. 543, 546 (D. Or. 1995) (citing 3A James Wm. Moore & Jo D. Lucas, Moore's Federal Practice §§ 22.14[1]-[2] (2d ed. 1994) and Cripps, 980 F.2d at 1265).

Federal Rule of Civil Procedure 22 allows a stakeholder to bring an interpleader claim when the stakeholder "is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22. In this case, it is undisputed that MetLife was justified in bringing an interpleader action because it received conflicting claims and decedent's children informed MetLife that they would bring a lawsuit if MetLife paid the proceeds of the policy to Bellini.

If an interpleader action is properly brought and the funds have been deposited with the court, a court should readily

4

discharge a stakeholder absent bad faith or delay by the stakeholder. First Interstate Bank of Or., 891 F. Supp. at 547; see generally 4 James Wm. Moore & Richard D. Freer, Moore's Federal Practice § 22.03[2][a].  Here, MetLife is disinterested in who prevails, has deposited the funds with the court, and none of the claimants have alleged that MetLife has acted in bad faith.  Accordingly, the court will dismiss, with prejudice, MetLife from the action and discharge MetLife, SBC, and the Plan from further liability for the Plan benefits.[1]

Given the futility of an interpleader action if claimants file separate suits against the stakeholder, the court may enjoin the claimants from doing so. U.S. v. Major Oil Corp., 583 F.2d 1152, 1157-58 (10th Cir. 1978).  Again, claimants have not opposed MetLife's request for an injunction and the court can see no reason not to issue it.  Therefore, the court will enjoin the claimants from instituting any other proceeding in any state or federal court against MetLife, SBC, or the Plan regarding the Plan benefits.

"Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516 (9th Cir. 1984).  "The traditional test for determining attorneys fees in an interpleader action is less rigorous than the more elaborate

---

[1] MetLife's request to be discharged "from further liability to the named Claimants-in-Interpleader" is too broad. See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 533 (1967) (interpleader action does not entitle a stakeholder "to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding" and suits for tortious conduct).

5

factors used to consider fee awards in other contexts." <u>Sun Life Assurance Co. of Canada v. Chan</u>, 2003 WL 22227881 at *3 (N.D. Cal. 2003) (citations omitted).  Fees are generally paid from the policy benefits and the party requesting fees has the burden to establish entitlement to them.  <u>Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise</u>, 234 F.3d 415, 427 (9th Cir. 2000).

When the stakeholder requesting fees is an insurance company, interpleader actions offer two distinct benefits.  First, "the availability of attorneys' fees for interpleader plaintiffs recognizes that by bringing the action, the plaintiff benefits all parties 'by promoting early litigation on the ownership of the fund, thus preventing dissipation.'"  <u>See</u> <u>id.</u> at 426 (quoting <u>Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.</u>, 306 F.2d. 188, 193 (9th Cir. 1962)).  Second, interpleader is a "valuable procedural device" for insurance companies that are faced with competing claims because it provides a way for the insurance companies to "disclaim[] any position as to which of the claimants is entitled to the fund."  <u>Id.</u>

The latter interest has prompted other courts to deny fees when the stakeholder is an insurance company.  <u>See, e.g.</u>, <u>Aetna U.S. Healthcare v. Higgs</u>, 962 F.Supp. 1412, 1414-15 (D. Kan. 1997); <u>Sun Life Assurance Co. of Canada v. Thomas</u>, 735 F.Supp. 730, 733 (W.D. Mich. 1990); <u>Life Ins. Co. of N. Am. v. Nava</u>, 667 F.Supp. 279, 280 (M.D. La. 1987); <u>Mutual of Omaha Ins. Co. v. Dolby</u>, 531 F.Supp. 511, 517 (E.D. Pa. 1982).  In doing so, these courts observe that competing claims "are part of the

ordinary course of business for an insurance company" and an interpleader action should not be utilized to transfer these "ordinary business expenses to the claimants." Mutual of Omaha Ins. Co., 531 F.Supp. at 517.

While the Ninth Circuit has not barred recovery of fees and costs when the stakeholder is an insurance company, it has explained that fee awards in interpleader actions are "typically modest," especially because a fee award could "deplete the fund at the expense of the party who is ultimately deemed entitled to it." Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426-28 (9th Cir. 2000) (affirming a district court's award of $3,000.00 in fees when the stakeholder requested $97,000.00). The Ninth Circuit has also explained that, for interpleader plaintiffs, "[c]ompensable expenses include, for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." Id. at 426-27 (quoting Schirmer Stevedoring Co. Ltd., 306 F.2d at 194 and Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1719 & n.20 (1986))).

In this case, decedent's policy is for $46,000.00 and MetLife has requested $8,717.82 in fees and costs, which is almost one-fifth of the Plan benefits. In issuing policies and setting premiums, MetLife must anticipate that conflicting claims will arise and that it will routinely be required to incur expenses to investigate and resolve such claims. MetLife would have incurred many of those expenses if it did not file an interpleader action.

7

1           Therefore, the court will award MetLife only the fees
2 and costs it incurred solely because of this interpleader action,
3 which is the $2,700.00 incurred to prepare the complaint and this
4 motion and the costs to serve the claimants.[2]
5           IT IS THEREFORE ORDERED that (1) MetLife's motion to
6 be dismissed from this action, with prejudice, be, and the same
7 hereby is, GRANTED; (2) MetLife's motion for MetLife, SBC, and
8 the Plan to be discharged from further liability for the Plan
9 benefits be, and the same hereby is, GRANTED; (3) MetLife's
10 motion for an injunction enjoining claimants from asserting
11 claims related to the Plan benefits be, and the same hereby is,
12 GRANTED; (4) MetLife's motion for attorneys' fees and costs be,
13 and the same hereby is, GRANTED in the amount of $2,700.00,
14 payable from the fund deposited with the court.
15 DATED:   November 26, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]   This amount includes $840 to draft the complaint, $420 to personally serve Billini (it took two attempts), and $1,440 to prepare this motion.  The award does not include the fees for counsel's appearance at oral argument on November 26, 2007, since MetLife has a personal interest in appearing at oral argument in order to recover its fees.