UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

METROPOLITAN LIFE INSURANCE COMPANY,

    Plaintiff-in-Interpleader,

    v.

RACHEL BILLINI; MONIQUE DIAZ; NICOLE DIAZ; PABLO DIAZ; REGINA DIAZ; TIARA DIAZ; and DOES 1 through 10, inclusive,

    Defendants-in-Interpleader.

NO. CIV. S-06-02918 WBS KJM

ORDER RE: ENTRY OF DEFAULT AND DEFAULT JUDGMENT

----oo0oo----

This is an interpeader action involving a dispute over the proceeds of a life insurance policy administered by plaintiff-in-interpleader Metropolitan Life Insurance Company ("MetLife").  MetLife filed this action after receiving competing claims on the policy from defendants-in-interpleader.  In its November 27, 2007 Order, this court dismissed MetLife from the action and discharged MetLife, SBC Communications Inc. ("SBC"), and the SBC Benefit Program from further liability.  Metropolitan Life Ins. Co. v. Billini, No. 06-02918, 2007 WL 4209405 (E.D.

1

Cal. Nov. 27, 2007).

To avoid repetition and because the factual background remains the same as in its November 27, 2007 Order, the court will describe only the facts relevant to this order. Id. at *1-*2. The primary dispute in this action is between decedent's five children--Pablo Diaz, Monique Diaz, Tiara Diaz, Nicole Diaz, and Regina Diaz ("decedent's children")--and Rachel Billini, who has claimed to be decedent's niece. Decedent's children have been served and have filed an answer; however, Billini, who was personally served on April 9, 2007, has not filed an answer.

In the answer decedent's children filed pro se, they allege the factual reasons they believe they are entitled to the benefits of their father's life insurance policy. (Answer ¶¶ 9-23.) In their final paragraph, decedent's children allege:

> We . . . believe that we are rightfully entitled to our father's benefits (DECEDENT) per his wishes. . . . Prior benefit forms prove this to be true contradicting the form filed by BILLINI naming herself as sole beneficiary and claiming blood relation.

(Id. at ¶ 23.) Billini received notice of these factual allegations in MetLife's complaint-in-interpleader. (Compl. 3:23-24, 5:15-16.)

I.   Billini's Default

This action was commenced by the filing of a complaint-in-interpleader and issuance of a summons on December 27, 2006. A copy of said summons and complaint-in-interpleader was personally served upon defendant-in-interpleader Billini on April 9, 2007, and proof of such service was filed with this court on April 10, 2007.

Defendant Billini has failed to appear, answer, or

2

otherwise move with respect to the complaint-in-interpleader, and said defendant's time to appear, answer, or otherwise move has expired. See Fed. R. Civ. P. 12(a)(1)(A) ("[A] defendant shall serve an answer within 20 days after being served with the summons and complaint.").

Accordingly, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of this Court is instructed to enter Billini's default. See 10 Moore's Federal Practice § 55.11[2] (3d ed. 2007) ("[C]ourts have unanimously upheld their own power to enter default as a sanction, or otherwise.").

II. Default Judgment

To enter default in favor of decedent's children, the facts alleged in the pleadings, when taken as true, must establish that decedent's children are entitled to the disputed benefits. See Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Thus, [claimant] may prevail on the merits if she can demonstrate that, taking the facts alleged in the pleadings as true, [defaulting claimant] was not entitled to relief.") (internal citations omitted).

At the scheduled Status Conference at 2:00 p.m. on January 14, 2008, four of decedent's children appeared personally, and Regina Diaz testified under oath. Based on Regina Diaz's sworn testimony, and the uncontroverted allegations in the pleadings, the court finds as follows.

On April 30, 2005, in the presence of his children, decedent executed a third and final beneficiary form, naming his

3

children as the sole beneficiaries of his plan benefits.  (Answer ¶ 13.)  Before executing the form, decedent told his children that he did not intend for Billini to be his beneficiary and that he wanted to change it to his children.  Decedent's children believe that Billini executed undue influence on their father when he was in a weakened state in order to persuade him to designate her as a beneficiary.  (Id. ¶ 20.)

After decedent executed the form, decedent gave it to Regina Diaz, who subsequently overnighted it from a United Parcel Service of America, Inc. store in West Sacramento.  The court examined the receipt (no. 60814582), which verified that the form was mailed on May 2, 2005 to the SBC Benefit Program at 930 Riverview Drive, Suite 800, Totowa, New Jersey, 07512-1156.  The receipt indicated that the estimated arrival date was May 3, 2005 at 10:30 a.m.

The SBC Rules for Employee Beneficiary Designations provide that a beneficiary designation is effective only if the employee is "alive as of the time and date of the receipt of the beneficiary designation." (Compl. 3:26-27, Ex. B.)  Decedent passed away on May 3, 2005.  (Id. at ¶ 15.)  There is no reason to believe the executed form was not in fact received on the expected date, or that decedent died before the time it was received.

Therefore, the uncontroverted facts testified to under oath and alleged in decedent's children's pleading establish that the April 30, 2005 change in beneficiary form revoked any prior designations and named decedent's children as the sole beneficiaries under decedent's life insurance plan.

4

1         Accordingly, pursuant to Federal Rule of Civil
2 Procedure 55(b)(1), decedent's children are entitled to a default
3 judgment in their favor.
4         IT IS THEREFORE ORDERED that (1) default be, and the
5 same hereby is, entered against defendant-in-interpleader Billini
6 and, (2) upon entry of Billini's default, default judgment be,
7 and the same hereby is, entered in favor of decedent's children.
8         IT IS FURTHER ORDERED that the Clerk of this Court
9 distribute, in five equal portions to decedent's children, the
10 $58,136.44, plus any accrued interest, which was deposited with
11 the Clerk of this Court on February 6, 2006, receipt number 202
12 17286.
13 DATED:  January 14, 2008

                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE