UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

METROPOLITAN LIFE INSURANCE COMPANY,

    Plaintiff-in-Interpleader,

    v.

RACHEL BILLINI; MONIQUE DIAZ; NICOLE DIAZ; PABLO DIAZ; REGINA DIAZ; TIARA DIAZ; and DOES 1 through 10, inclusive,

    Defendants-in-Interpleader.

NO. CIV. S-06-02918 WBS KJM

ORDER RE: MOTION TO SET ASIDE DEFAULT JUDGMENT

----oo0oo----

    On January 15, 2008, this court ordered that default be entered against defendant-in-interpleader Rachel Billini and, upon entry of her default, that default judgment be entered in favor of defendants-in-interpleader Monique Diaz, Nicole Diaz, Pablo Diaz, Regina Diaz, and Tiara Diaz ("decedent's children"). Billini now moves to set aside the default judgment.

///

1

I.  <u>Factual & Procedural Background</u>

        The factual and procedural background in this case remains the same as in this court's November 27, 2007 and January 15, 2008 Orders.  <u>Metropolitan Life Ins. Co. v. Billini</u>, No. 06-2918, 2007 WL 4209405, at *1-*2 (E.D. Cal. Nov. 27, 2007); <u>Metropolitan Life Ins. Co. v. Billini</u>, No. 06-2918, 2008 WL 150538, at *1 (E.D. Cal. Jan. 15, 2008).  As explained in this court's January 15, 2008 Order, default judgment was entered against Billini because she was personally served on April 9, 2007 and never filed an answer or made an appearance, either in response to the complaint or at the scheduled Status Conference on January 14, 2008.  <u>Metropolitan Life Ins. Co.</u>, 2008 WL 150538, at *1.

        After receiving evidence and testimony at the Status Conference, the court concluded that decedent's children were entitled to a default judgment.  <u>Id.</u> at *2.  Pursuant to the January 15, 2008 Order, the Clerk of this court has disbursed the plan benefits.  <u>See</u> <u>id.</u> (detailing the distribution of the funds).

        On January 23, 2008, Billini attempted to make her first appearance in this action when she filed a motion to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).  Billini's counsel, who was not counsel of record until January 23, 2008, explains that the sole reason supporting his client's motion is his own negligence:

> I failed to file a response to the Complaint-in-Interpleader for the following reasons: My negligence in not assuring that the hearing date of January 14, 200[8], in the above referenced matter were logged in my tickler system.  I must respectfully admit that I was previously

2

>   aware that a hearing was set in January, 2008.  On
>   January 14, 2008, I opened the file for the purpose of
>   drafting an answer to the complaint and drafting and
>   filing whatever documents were required for the pretrial
>   conference.  Unfortunately, I opened the file one hour
>   <u>after</u> the hearing.

(Jensen Decl. ¶ 2 (emphasis in original).)[1]

II.  Discussion

Pursuant to Federal Rule of Civil Procedure 60(b)(1), a court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001).  A district court should decline to set aside a default judgment only in "extreme circumstances" because "a case should, whenever possible, be decided on the merits."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

"In this circuit, a trial court has discretion to deny a Rule 60(b) motion to vacate a default judgment" for excuseable neglect if (1) the moving party's "culpable conduct led to the default;" (2) the non-moving party "would be prejudiced if the judgment is set aside;" or (3) the moving party lacks a

---

[1] Although this court's docket and decedent's children's appearance at the Status Conference indicate that they were not represented by counsel, Billini's counsel also states that he had communicated with their counsel via email and "with [the hope of settlement] in mind, [he] simply didn't pay enough attention to the court time-lines and [] inadvertently and negligently, let the case get by [him]."  (Jensen Decl. at ¶ 3.)

3

"meritorious" claim. <u>In re Hammer</u>, 940 F.2d 524, 525-26 (9th Cir. 1991) (internal citations omitted). The burden is on the moving party to show that all three factors warrant setting aside the default judgment. <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 696; <u>see also</u> <u>Info. Sys. & Networks Corp. v. U.S.</u>, 994 F.2d 792, 796 (Fed. Cir. 1993) (explaining that most circuits balance the three factors, but that the Ninth Circuit treats them in the disjunctive); <u>In re Hammer</u>, 940 F.2d at 526 ("[T]he trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default.") (citations omitted).

When a party moves to set aside a default judgment based on "excusable neglect," the court must also consider the above factors in light of overlapping equitable considerations. Specifically, the court must consider "prejudice [to the non-moving party], the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 696 (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)) (additional citations omitted).

    A.   <u>Billini's Culpable Conduct</u>

Billini's culpable conduct precludes this court from exercising its discretion to set aside the default judgment. "'[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.'" <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 697 (quoting <u>Alan Neuman Prods., Inc. v. Albright</u>,

4

862 F.2d 1388, 1392 (9th Cir. 1988)).  To negate a finding of culpable conduct when a defendant has neglected to file an answer, the defendant must provide "a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Id. at 698-99.  Absent an understandable explanation, "it is fair to expect that individuals who have . . . consulted with a lawyer appreciate the consequences of failing to answer and do so only if they see some advantage to themselves." Id. at 699 n.6.

Billini does not dispute that she received actual notice of this action when she was personally served.  After being personally served, Billini had twenty days to file an answer pursuant to Federal Rule of Civil Procedure 12(a)(1)(A).  Fed. R. Civ. P. 12(a)(1)(A).  Billini fails to offer any explanation as to why she did not file, or at least seek an extension of time to file, any response to the complaint.  Failure to provide an explanation, let alone an understandable one, constitutes sufficiently culpable and intentional conduct to deny Billini's motion because "it is fair to expect that [Billini] . . . appreciate[d] the consequences of failing to answer and [did] so only" to advantage herself.  TCI Group Life Ins. Plan, 244 F.3d at 699 n.6.

Billini's counsel's purported explanations do not even offer any insight as to why Billini failed to take any action in response to the complaint.  First, Billini's counsel explains that he chose not to file an answer in the hopes that he could settle the case.  However, counsel did not purportedly begin

5

1  pursuing a settlement until October of 2007, which was over seven
2  months after the answer was due.  Similarly, counsel's negligence
3  in calendaring the Status Conference fails to explain why counsel
4  did not draft an answer in the nine months prior to the Status
5  Conference.  In short, nothing in Billini's counsel's declaration
6  illuminates Billini's decision not to file an answer or other
7  responsive pleading.
8       Billini's failure to provide a single explanation for
9  her choice not to respond to the complaint amounts to "culpable
10 conduct [by Billini that] led to the default" and, therefore,
11 justifies denial of her Rule 60(b)(1) motion.  TCI Group Life
12 Ins. Plan, 244 F.3d at 696, 698; see also United States v. Reed,
13 No. 05-0431, 2007 U.S. Dist. Lexis 11291, at *8-*12 (E.D. Cal.
14 2007) (denying a Rule 60(b)(1) motion when the defendant did not
15 explain his failure to file an answer); United States v. $32,000
16 in U.S. Currency, No. 05-5167, 2006 U.S. Dist. Lexis 46133, at
17 *13 (N.D. Cal. July 6, 2006) (denying a Rule 60(b)(1) motion when
18 the defendant did not explain his "failure to meet any of the
19 filing deadlines" and citing two other decisions reaching the
20 same conclusion).
21      B.  Prejudice to Decedent's Children
22      While Billini's culpable conduct, in itself, is
23 sufficient to deny her motion, the prejudice to decedent's
24 children also weighs heavily against setting aside the judgment.
25 Specifically, "if reopening the judgment would actually prejudice
26 the plaintiff who has diligently pursued her claim, then the
27 interest in finality should prevail."  TCI Group Life Ins. Plan,
28 244 F.3d at 697.  At the Status Conference on January 14, 2008,

6

decedent's children, who have diligently pursued their claim <u>pro se</u>, understandably believed they had finally reached closure to a dispute that arose after their father died two-and-a-half years ago. They would be greatly prejudiced by having to return the money which has now already been distributed to them and begin litigating the case all over again. The fact that the Clerk of this court had disbursed the benefits at dispute in this case prior to this court's consideration of Billini's motion strengthens the court's interest in upholding the finality of its executed judgments. See <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993) (courts must also consider the "impact on judicial proceedings" that setting aside a default judgment will cause).

    C.  <u>Meritorious Claim</u>

After receiving testimony and evidence at the Status Conference, this court concluded that the facts alleged in the pleadings, when taken as true, establish that decedent's children are entitled to the disputed benefits. <u>Metropolitan Life Ins. Co. v. Billini</u>, No. 06-2918, 2008 WL 150538, at *1 (E.D. Cal. Jan. 15, 2008). Billini's counsel claims that Billini "has a good and viable position" based on the fact that MetLife stamped decedent's third beneficiary form as received one day after decedent's death. (Jensen Decl. 2:11-12.) Billini's position--which directly contradicts decedent's clear intent and the evidence this court examined at the Status Conference--does not persuade this court that the default judgment should be set aside.

If Billini's position is as "good and viable" as her

7

counsel suggests, her remedy, if any, must lie against her attorney's malpractice insurance carrier.  See, e.g., Nichols v. Keller, 15 Cal. App. 4th 1672, 1682, 1687 (1993) (explaining that a plaintiff can prove the requisite damage element of a malpractice claim only if the plaintiff lost a valid claim because of the attorney's negligent act or omission).

Accordingly, because Billini's culpable conduct led to the default judgment and decedent's children would be seriously prejudiced by setting the it aside, this court will deny Billini's motion to set aside the default judgment.

IT IS THEREFORE ORDERED that Billini's motion to set aside the default judgment be, and the same hereby is, DENIED.

DATED: January 28, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE